# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**TIMOTHY E. TRIMBLE,**

        **Plaintiff,**

-vs-                                                    Case No.  2:08-cv-417-FtM-99DNF

**JUDGE EDWARD VOLZ, JR. and  LEAH HARWOOD,**

        **Defendants.**

_____

## AMENDED REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AFFIDAVIT OF INDIGENCY CONSTRUED AS A MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | May 29, 2008 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and this action be dismissed.

    The Plaintiff, Timothy Trimble is requesting leave to proceed *in forma pauperis* which is without the prepayment of fees and costs.  The Plaintiff submitted an Affidavit of Indigency which this Court construed as a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2).  The Court entered a Report and Recommendation (Doc. 4) recommending that the Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) be denied based upon the Plaintiff having sufficient assets to pay the filing

fee. The Court based its recommendation on the Affidavit which included that the Plaintiff's wife is employed as a manager, they own their own home, the Plaintiff received pensions, annuities or life insurance payments, he had stocks, bonds, or notes, and he receives social security monthly. On July 17, 2008, the Honorable Marcia Morales Howard, United States District Judge recommitted the matter for the Court to determine if Mr. Trimble is truly indigent, and also recommitted the matter for the Court to determine if the Complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. This Court entered an Order (Doc. 26) on August 4, 2008 which required the Plaintiff to file a notarized Affidavit of Indigency, provide additional information regarding his dependents, provide documentation as to the liens by the City of Cape Coral, provide information for the entry "Capital Loss Stock," and provide information as to the value of his boat. The Plaintiff failed to file a notarized affidavit and failed to provide the additional information required.

The Court set forth the law regarding qualifying to proceed *in forma pauperis* in its Order (Doc. 26) entered on August 4, 2008. A court has wide discretion in denying an application to proceed *in forma pauperis* ("IFP"). *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). In cases requesting civil damages, courts are instructed to "grant the privilege sparingly" but must not act arbitrarily. *Id*. at 1306-7. In determining whether a plaintiff may proceed without prepayment of a filing fee, the only consideration regarding the statements in an affidavit is whether a plaintiff's statements satisfy the requirement of poverty. *Id*. at 1307. "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under §1915." *Id*. (citations omitted). An affidavit will be deemed sufficient if the plaintiff is unable to pay the court costs and fees and to support himself and his dependents in the necessities of life. *Id*. A court can consider income provided

by a spouse, and other courts also considered income from Social Security and other disability benefits. *See*, *Assaad-Faltas v. Univ. of S.C.*, 971 F.Supp. 985, 990 (D.S.C. 1997), *Fielder v. Franklin*, 2008 WL 906828 (S.D. Ala. 1008), *Angell v. Discovery Bank*, 2005 WL 1684413 (N.D. Fla. 2005).

The Plaintiff failed to provide a notarized Affidavit as requested. Further, the Court has no additional information to reconsider its prior recommendation that the Plaintiff be required to pay the filing fee. The Plaintiff did not provide information as to the City of Cape Coral Liens, the Capital Loss Stock, or the value of the boat mentioned. The Plaintiff's wife is employed, he owns a home, he receives pensions, annuities or life insurance payments, has stocks bonds, or notes and receives social security monthly. Mr. Trimble failed to comply with the Order (Doc. 26) and failed to show by a notarized affidavit that he is indigent. Therefore, the Court respectfully recommends that the Motion to Proceed *In Forma Pauperis* be denied and that this action be dismissed.

The Order (Doc. 25) entered by Judge Howard also required this Court to make a determination as to whether this action was frivolous, malicious, or failed to state a cause of action upon which relief may be granted. If the Plaintiff is permitted to proceed *in forma pauperis*, then the Court is required to determine if the Complaint is frivolous, malicious, fails to state a claim or is against someone who is protected by immunity and therefore, subject to dismissal. 28 U.S.C. §1915(e)(2)(B). A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints should be held to a less stringent standard than pleadings drafted by attorneys. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976[1]).

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*),the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In its Order (Doc. 26) the Court required Mr. Trimble to file an Amended Complaint. Mr. Trimble filed his Amended Complaint (Doc. 31) on September 10, 2008. The allegations in the Amended Complaint (Doc. 31) are as follows. Mr. Trimble is suing Judge Edward Volz, Jr. and Leah Harwood[2] pursuant to the "stripping doctrine" and 42 U.S.C. §1983 "for acts or omissions personally committed by the defendants regarding a criminal case 06CF17146 in the 20th Judicial District of Lee County, Florida." (Doc. 31, p. 2). The Plaintiff is requesting the sum of one hundred thousand dollars from each Defendant. (Doc. 31, p. 2). The Plaintiff claims that the Defendants have made his life burdensome and have exacerbated his medical conditions. (Doc. 31, p. 4). He claims that the Defendants have violated his right to a fair and impartial trial; violated his right to discovery; violated his right to examine witnesses; violated his rights under the anti-alienation act; violated his right when he was required to pay costs prior to final judgment; devised fraudulent documents; deprived him of his right to use and enjoy property; deprived him of the right to vote; deprived him of the right to travel; deprived him of the right to protect his family; entered his property without probable cause; deprived him of his right to be free from government intrusion into his home; denied him legal counsel; placed him in jail for refusing to obey an illegal court order; quashed evidence; quashed the Plaintiff's interrogatories; denied the Plaintiff notice of trial; prosecuted the Plaintiff despite judicial recusal; placed the Plaintiff under arrest for violation of probation by an order where the judge lacked any jurisdiction; forced the Plaintiff to use social security benefits or another's money to post bail for the Plaintiff; prosecuted the Plaintiff for a crime that was deemed not to be a crime; did not excuse the Plaintiff even though the Plaintiff provided the law to Ms. Harwood; charged the Plaintiff for alleged

---

[2] In the original Complaint (Doc. 1), the Plaintiff also sued the State of Florida.

damages that were under the doctrine of subrogation from the insurance company; and refusing to permit the Plaintiff to publish a Florida Statute in open court. (Doc. 31, p. 2-8).

In its prior Order (Doc. 26) the Court set forth the law regarding claims against a state court judge and a state prosecutor. The Plaintiff alleges that he is suing Judge Volz and Ms. Harwood personally under the "stripping doctrine" and 42 U.S.C. §1983. Although the Plaintiff claims to be suing Judge Volz in his individual capacity, it is clear from the allegations that Judge Volz was acting in his capacity as a judge during the alleged actions by these two Defendants. A judge is immune from suit if "'at the time he took the challenged action he had jurisdiction over the subject matter before him.' [citations omitted] A judge is subject to liability only when the judge's actions were made in a 'clear absence' of jurisdiction, not merely an 'excess of jurisdiction.'" *Koger v. Keith*, 2008 WL 299028, *2 (S.D. Fla. 2008) (citations omitted). The Plaintiff appeared before Judge Volz in a criminal proceeding including a probation violation. The Plaintiff has not alleged how these proceedings were not within Judge Volz's jurisdiction. From the allegations in the Complaint, Judge Volz is entitled to immunity from suit.

The Plaintiff is suing Ms. Harwood in her individual capacity as well. Again, the Plaintiff's allegations all relate to Ms. Harwood in prosecutorial role. A prosecutor is immune from a civil suit for damages under 42 U.S.C. §1983. *Holt v. Crist*, 233 Fed.Appx. 900, 903 (11th Cir. 2007). From the allegations in the Complaint, Ms. Harwood is entitled to immunity from suit. The immunity for Judge Volz and Ms. Harwood are from suit for civil damages, and in the Amended Complaint, the Plaintiff is only requesting civil damages. Therefore, the Court determines that Judge Volz and Ms. Harwood are immune from suit.

The Court determines that the Plaintiff has not provided sufficient documentation to show that he is indigent, and therefore, this Court respectfully recommends that the Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) be denied. If the District Court finds that the Plaintiff is entitled to proceed *in forma pauperis*, then the Court determines that the Plaintiff is bringing an action against two individuals who are protected by immunity, and therefore, this action should be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___22nd___ day of September, 2008.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record